# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO ESPINOZA,

Plaintiff,

v.

ZEPEDA, et al.,

Defendants.

Case No.  1:24-cv-00206-FRS (BAM) (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS

(ECF Nos. 1, 13)

**FOURTEEN (14) DAY DEADLINE**

I.     **Background**

Plaintiff Alejandro Espinoza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 3, 2026, the Court screened the complaint and found that Plaintiff stated cognizable claims against: (1) Defendant Zepeda for placing an ICE hold on Plaintiff, resulting in his removal from the Fire Camp Program, in violation of the Equal Protection Clause of the Fourteenth Amendment; and (2) Defendant CDCR for removing Plaintiff from the Fire Camp Program in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), but failed to state any other cognizable claims for relief against any other defendant. (ECF No. 12.)  The Court ordered Plaintiff to either file an amended complaint or notify the Court

1

of his willingness to proceed only on the cognizable claims identified by the Court.  (*Id.*)

On February 19, 2026, Plaintiff filed a notice indicating his willingness to proceed on the cognizable claims identified by the Court.  (ECF No. 13.)

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A.    Allegations in Complaint

Plaintiff is currently housed at California Correctional Institution in Tehachapi, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Sierra Conservation Center in Jamestown, California.  Plaintiff names the following defendants: (1) V. Zepeda, Correctional Counselor (CCI); (2) Edwin Gomer, Primary Care Physician; and (3) CDCR.

Plaintiff alleges as follows:

While locked up for 16 years, Immigration and Customs Enforcement ("ICE") never put a hold, detainer, or warrant on Plaintiff. But on May 9, 2023, Defendant Zepeda referred to Plaintiff as a potential ICE hold in a classification committee. Her decision was based on a review of Plaintiff's police and prosecution record that didn't mention or show evidence of United States citizenship. It was corroborated by an Office of Appeals Decision dated August 31, 2023. Defendant Zepeda's placement of the ICE hold prevented Plaintiff from participating in the fire camp program and other beneficial CDCR programs. Other inmates who do not have foreign profiles or national origins who are similarly situated do not have arbitrary ICE holds on them to intentionally prevent their participation in beneficial CDCR programs.

On November 21, 2022, Dr. Ranjit Bajwa classified Plaintiff as "vigorous," as Plaintiff was ready to start his firefighter training. Four months later, on April 25, 2023, Defendant Dr. Edwin Gomer reclassified Plaintiff to a full duty based only on his age. The exclusion of Plaintiff without any acceptable medical reason caused Plaintiff to not have access to the benefits entitled to him as a firefighter.

Plaintiff was qualified to be at fire camp as an in-camp non-firefighter with low risk medical, but on August 31, 2023, Plaintiff was removed from the camp due to being made high risk medical based solely on age. Plaintiff does not have any factors that could cause him to be classified medical high risk, but Plaintiff, without any medical condition, has been classified as a medical disability impairment by his age. His exclusion from the fire camp constituted discrimination against him in violation of the ADA, RA, and Age Discrimination Act. Plaintiff is 65 years old and is being prevented from participation in the CDCR Fire Camp Program because he is over 65 years old. Other similarly situated CDCR inmates who are under the age of 65 are not prevented from participating in the Fire Camp Program. Defendant CDCR, through its doctors on August 31, 2023 is violating Plaintiff's rights under the ADA, RA, and Fourteenth Amendment.

Plaintiff suffered mental anguish and emotional distress. Plaintiff requests referral to fire camp, monetary damages, attorney fees and costs, and any other relief the Court deems necessary

3

and proper.

**B.      Discussion**

1.      <u>Eleventh Amendment Immunity</u>

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the CDCR in this action, except as discussed below.

2.      <u>Fourteenth Amendment – Equal Protection</u>

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008);

*Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff fails to state a cognizable claim against any defendant for discrimination due to his age.  The Supreme Court has said repeatedly that age is not a suspect classification under the Equal Protection Clause.  *Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991) (*citing Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 313–14 (1976); *Vance v. Bradley*, 440 U.S. 93, 97 (1979); *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 441 (1985)).  To the extent Plaintiff argues that Defendant Gomer reclassified Plaintiff's medical risk without any acceptable medical reason, Plaintiff is informed that under the Eighth Amendment, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff also fails to state an equal protection claim on the basis of any disability.  "[T]he disabled do not constitute a suspect class" for equal protection purposes."  *Does 1–5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) (citing *City of Cleburne*, 473 U.S. at 440).

However, at the pleading stage, the Court finds that Plaintiff states a cognizable equal protection claim against Defendant Zepeda for placing an ICE hold on Plaintiff, resulting in his removal from the Fire Camp Program.

3.    Americans with Disabilities Act and Rehabilitation Act

The Americans with Disabilities Act ("ADA") provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

5

by any such entity." 42 U.S.C. § 12132.  The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  *Id.* § 12131(2).

While the Rehabilitation Act ("RA") has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes."  *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

To the extent Plaintiff intends to sue the individual named defendants for violation of his rights under the ADA, he may not "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA."  *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  The proper defendant in ADA actions is the public entity responsible for the alleged discrimination.  *U.S. v. Georgia*, 546 U.S. 151, 153 (2006).  State correctional facilities are "public entities" within the meaning of the ADA.  *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

In order to state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap."  *Armstrong*, 124 F.3d at 1023.  "Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'"  *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).

///

6

It is not clear from the complaint whether Plaintiff alleges that he actually suffered from a disability or physical handicap due to his age, or whether CDCR simply classified him as disabled due to his age.  Nevertheless, Plaintiff alleges that he was excluded from the benefits of the Fire Camp Program based on his disability status, and does not otherwise allege that he required any additional accommodations to participate in the Fire Camp Program.  Accordingly, at the pleading stage, Plaintiff stages a cognizable claim against Defendant CDCR for his removal from the Fire Camp Program in violation of the ADA and the RA.

**III.    Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against: (1) Defendant Zepeda for placing an ICE hold on Plaintiff, resulting in his removal from the Fire Camp Program, in violation of the Equal Protection Clause of the Fourteenth Amendment; and (2) Defendant CDCR for removing Plaintiff from the Fire Camp Program in violation of the Americans with Disabilities Act and the Rehabilitation Act.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendant.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's complaint, filed February 15, 2024, (ECF No. 1), against:

    a.  Defendant Zepeda for placing an ICE hold on Plaintiff, resulting in his removal from the Fire Camp Program, in violation of the Equal Protection Clause of the Fourteenth Amendment; and

    b.  Defendant CDCR for removing Plaintiff from the Fire Camp Program in violation of the Americans with Disabilities Act and the Rehabilitation Act; and

2.  All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

///

///

7

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 21, 2026**        /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE